1

2

3

4

5                UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF WASHINGTON

7

MARGARITA ACEVEDO,                    NO:  15-CV-3023-FVS

8
                                      ORDER GRANTING DEFENDANT'S
9                      Plaintiff,     MOTION FOR SUMMARY
                                      JUDGMENT AND DENYING
10        v.                          PLAINTIFF'S MOTION FOR
                                      SUMMARY JUDGMENT
11   CAROLYN W. COLVIN,

12                     Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15   judgment. ECF Nos. 12 and 15. This matter was submitted for consideration

16   without oral argument. Plaintiff was represented by D. James Tree. Defendant was

17   represented by Daphne Banay. The Court has reviewed the administrative record

18   and the parties' completed briefing and is fully informed. For the reasons discussed

19   below, the court **GRANTS** Defendant's Motion for Summary Judgment, ECF No.

20   15, and **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 12.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

1    reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

2    error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

3    determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

4    the ALJ's decision generally bears the burden of establishing that it was harmed.

5    *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

6                    **FIVE–STEP SEQUENTIAL EVALUATION PROCESS**

7              A claimant must satisfy two conditions to be considered "disabled" within

8    the meaning of the Social Security Act. First, the claimant must be "unable to

9    engage in any substantial gainful activity by reason of any medically determinable

10   physical or mental impairment which can be expected to result in death or which

11   has lasted or can be expected to last for a continuous period of not less than twelve

12   months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

13   "of such severity that he is not only unable to do his previous work[,] but cannot,

14   considering his age, education, and work experience, engage in any other kind of

15   substantial gainful work which exists in the national economy." 42 U.S.C. §

16   1382c(a)(3)(B).

17             The Commissioner has established a five-step sequential analysis to

18   determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

19   404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner

20   considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

**ALJ'S FINDINGS**

Plaintiff Margarita Acevedo filed an application for disability insurance benefits, alleging an onset date of September 3, 2007. Tr. 188-94. Benefits were denied initially and upon reconsideration. Tr. 79-81, 84-85. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Laura Valente on May 16, 2013. Tr. 38-51. Plaintiff did not appear at the hearing. Tr. 41-43. The ALJ denied benefits (Tr. 18-37) and the Appeals Council denied review (Tr. 1).

At step one, the ALJ found Plaintiff did not engage in substantial gainful during the period of her alleged onset date of September 3, 2007, through her date last insured of March 31, 2011. Tr. 26. At step two, the ALJ found Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome (CTS) with mild neuropathy on the right; bilateral wrist tendonitis. Tr. 26. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

met or medically equaled one of the listed impairments in 20 C.F.R. Part 404,

Subpt. P, App'x 1. Tr. 27. The ALJ then found that Plaintiff had the RFC

> to lift and/or carry 15 pounds occasionally and 10 pounds frequently, sit, stand, and walk 6 hours each in an 8 hour workday, and push/pull within the weight given for lift/carry. The claimant was able to frequently finger and handle bilaterally, and seldom reach overhead with the right upper extremity. The claimant was able to do all postural activity frequently except she could occasionally climb ladders, ropes and scaffolds.

Tr. 28. At step four, the ALJ found Plaintiff was capable of performing past

relevant work as an agricultural produce sorter. Tr. 30. In the alternative, at step

five, the ALJ found that considering the Plaintiff's age, education, work

experience, and RFC, there were other jobs that existed in significant numbers in

the national economy that Plaintiff also could have performed. Tr. 31. The ALJ

concluded that Plaintiff was not under a disability, as defined in the Social Security

Act, from September 3, 2007, the alleged onset date, through March 31, 2011, the

date last insured. Tr. 32.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ failed to

provide specific, clear, and convincing reasons for discrediting Plaintiff's

statements regarding the severity of her symptoms; (2) the ALJ failed to properly

consider the medical opinion evidence; and (3) the ALJ erred by finding Plaintiff

could perform her past relevant work and other work existing in significant

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1    numbers in the national economy. ECF No. 12 at 7-21. Defendant argues: (1) the

2    ALJ properly rejected Plaintiff's subjective complaints; (2) the ALJ properly

3    considered the medical opinion evidence; and (3) the ALJ's alternative step five

4    finding was proper. ECF No. 15 at 6-22.

**DISCUSSION**

**A. Credibility**

7        In social security proceedings, a claimant must prove the existence of

8    physical or mental impairment with "medical evidence consisting of signs,

9    symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's

10   statements about his or her symptoms alone will not suffice. *Id*. Once an

11   impairment has been proven to exist, the claimant need not offer further medical

12   evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v.*

13   *Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment

14   "could reasonably be expected to produce [the] symptoms," the claimant may offer

15   a subjective evaluation as to the severity of the impairment. *Id.* This rule

16   recognizes that the severity of a claimant's symptoms "cannot be objectively

17   verified or measured." *Id.* at 347 (quotation and citation omitted).

18        If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

19   must make a credibility determination with findings sufficiently specific to permit

20   [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).[1] In this case, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting

---

[1] Defendant argues that this court should apply a more deferential "substantial evidence" standard of review to the ALJ's credibility findings. ECF No. 14 at 5 n.1. The court declines to apply this lesser standard. The Ninth Circuit recently reaffirmed in *Garrison v. Colvin* that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he governments suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

effects of [her] symptoms are not entirely credible for the reasons explained in this decision." Tr. 28.

First, the ALJ found that "[t]he reason the claimant did not continue working after the alleged onset date raises a significant credibility concern." Tr. 28. In support of this argument, the ALJ notes that despite alleging that her impairments kept her from working, Plaintiff reported to her treating provider in November 2007 that she was not working because "at this time there is no light duty work available at her place of employment." Tr. 274. Similarly, in October 2007, Plaintiff reported to the same treating provider that she tried to apply for another job, but was not hired because she had an open Labor and Industries claim. Tr. 283. Plaintiff argues that Plaintiff's "desire to work does not indicate that she is able to do so;" and notes that Plaintiff's treating provider opined limitations on Plaintiff's ability to work. ECF No. 12 at 17. However, an ALJ may properly discount Plaintiff's credibility in part due to her not working for reasons other than her alleged impairment. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (in assessing credibility, the ALJ may rely on ordinary techniques of credibility evaluation). Here, the ALJ properly reasoned that Plaintiff's repeated attempts to seek employment is inconsistent with her claims of totally disabling impairments. This was a specific, clear and convincing reason to find Plaintiff not credible.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

In addition, the ALJ found inconsistencies that "cast further doubt on the credibility of the claimant's self-report." Tr. 29. In evaluating credibility, the ALJ may consider reputation for truthfulness, inconsistencies either in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). First, the ALJ found Plaintiff's claim that she was unable to speak and understand English was inconsistent with her treating provider's observation that Plaintiff spoke English "quite fluently and only rarely needs the interpreter." Tr. 29 (citing Tr. 277, 281). Plaintiff argues the record doesn't support any inconsistency because Plaintiff was consistently accompanied by an interpreter. ECF No. 12 at 17-18. However, a review of the record confirms that despite the interpreter's presence, Plaintiff was able to speak at least "some" English, and understands English "pretty well." Tr. 277, 281, 287, 325, 335. The court also notes that on her disability reports Plaintiff reported that she cannot "speak or understand" English, but somewhat incongruously, she *can* "read and understand" English. Tr. 211, 250. Second, the ALJ found that Plaintiff provided inconsistent statements as to her cocaine use. Tr. 29. In support of this finding, the ALJ noted that in November 2007 Plaintiff reported she smoked cocaine on a weekly basis. Tr. 277. Then, in June 2008 Plaintiff stated she "rarely" used cocaine

(Tr. 308); but only month later she reported using cocaine twice a month (Tr. 327). Plaintiff argues that in July 2008 she reported using cocaine "once in a while," which means "virtually the same thing" as her June 2008 statement that she "rarely" used cocaine. ECF No. 12 at 18-19. However, this argument slightly mischaracterizes the record from July 2008 which specifically states that Plaintiff describes her cocaine use as "once in a while," but immediately clarifies that "[i]t actually occurs about two times per month where she will snort two or three lines." Tr. 327. Conflicting statements about substance abuse may support an ALJ's "negative conclusions about [Plaintiff's] veracity." *Thomas*, 278 F.3d at 959; *see also Bunnell*, 947 F.2d at 346 (an ALJ may discredit a claimant's allegations based on relevant character evidence). Overall, despite Plaintiff's arguments that the inconsistencies identified by the ALJ are not supported by the record, "where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("[t]he ALJ is responsible for determining credibility"). This was a clear and convincing reason to find Plaintiff not credible.

Next, the ALJ found that "the medical evidence of record does not support finding a more restrictive [RFC] than for light work with some degree of manipulative activities." Tr. 29. Subjective testimony cannot be rejected solely

1   because it is not corroborated by objective medical findings, but medical evidence

2   is a relevant factor in determining the severity of a claimant's impairments. *Rollins*

3   *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff argues that the ALJ

4   improperly relied "almost solely upon the IME evaluation performed in June

5   2008." ECF No. 12 at 14-15. This argument entirely disregards the copious

6   medical records cited by the ALJ to support this finding, including: a nerve

7   conduction study in 2007 that found only "borderline right carpal tunnel

8   syndrome" (Tr. 273); examination findings in November 2007 from Ms.

9   Rutherford indicating normal deep tendon reflexes in the upper extremities and

10  intact sensation (Tr. 277); examination findings in January 2008 finding equal and

11  adequate grip strength, no thenar atrophy, no obvious deformities to the hands or

12  wrists, full flexion and extension, and full range of motion to the upper extremities

13  and shoulders (Tr. 299); neurological examination results in June 2008 that overall

14  Plaintiff "is not showing any consistent or definite neurological abnormalities" (Tr.

15  311); medical records in 2008 noting that despite subjective complaints of pain,

16  "nothing is limiting [Plaintiff's] activities" (Tr. 330); and in July 2010 Plaintiff's

17  independent medical examination "does not disclose any convincing objective

18  abnormalities and is most notable for pretty much pain everywhere with all kinds

19  of effort" (Tr. 377). *See* Tr. 29. Plaintiff also argues the ALJ could make this

20  finding "only by disregarding numerous treatment records and relying on IME

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1  evaluations that did not assess the full extent of [Plaintiff's] limitations." ECF No

2  12 at 15. However, the ALJ acknowledged that additional testing in 2010

3  confirmed a diagnosis of bilateral carpal tunnel syndrome. Tr. 29, 393. Moreover,

4  the ALJ noted findings of decreased range of motion in the shoulders, thumbs and

5  wrists; and mild tenderness in the shoulders and cervical spine. Tr. 310-11.

6  Overall, despite Plaintiff's argument that evidence in the record would tend

7  support to her claimed limitations, "where evidence is susceptible to more than one

8  rational interpretation, it is the [Commissioner's] conclusion that must be upheld."

9  *Burch*, 400 F.3d at 679. Thus, the lack of corroboration of Plaintiff's testimony in

10  the medical record as a whole was properly considered by the ALJ, as it did not

11  form the sole basis for the adverse credibility finding.

12      Finally, the ALJ found Plaintiff's "reported activities further belie the degree

13  of severity alleged." Tr. 29. Evidence about daily activities is properly considered

14  in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

15  1989). Plaintiff argues that none of the activities cited by the ALJ, "as actually

16  performed by [Plaintiff], [are] inconsistent with her reported pain symptoms and

17  resulting limitations." ECF No. 12 at 16-17. Specifically, Plaintiff has consistently

18  self-reported that she only cooks quick meals when she is experiencing hand pain;

19  sometimes gets help around the house; and "sometimes it hurts [too] much to

20  clean, cook, laundry, ironing." Tr. 235-36, 262, 271. Plaintiff also stated in 2008

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

that when doing housework or gardening she could only "tolerate anywhere from half an hour to two hours of work before she has to stop." Tr. 332. Plaintiff is correct that a claimant need not be utterly incapacitated in order to be eligible for benefits. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, in this case, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. Here, the ALJ relied on Plaintiff's report in in July 2008 that her day included preparing meals and doing household activities. Tr. 327. Plaintiff also reported that she has visits from family members, is active in church on Sundays, and is not socially isolated. Tr. 327. Similarly, as noted by the ALJ, in July 2010 Plaintiff stated that she does "all the maintenance for the home, does the cooking and does the cleaning…. Housework is her most physical activity, mopping, vacuuming, that sort of thing." Tr. 371. The court notes that the ALJ's general finding that Plaintiff "was able to stop treatment and travel to Mexico" following the death of family members does not appear to contradict her claimed limitations. Tr. 29 (citing Tr. 307). However, while evidence of Plaintiff's daily activities may be interpreted more favorably to the Plaintiff, the evidence is susceptible to more than one

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    rational interpretation, and therefore the ALJ's finding must be upheld. *See Burch*,

2    400 F.3d at 679. Moreover, even if the ALJ erred in her reasoning as to Plaintiff's

3    daily activities, any error is harmless because, as discussed above, the remaining

4    reasoning and ultimate credibility finding is adequately supported by substantial

5    evidence. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th

6    Cir. 2008).

7        For all of these reasons, and having thoroughly reviewed the record, the

8    court concludes that the ALJ supported his adverse credibility finding with

9    specific, clear and convincing reasons supported by substantial evidence.

10    **B. Medical Opinions**

11        There are three types of physicians: "(1) those who treat the claimant

12    (treating physicians); (2) those who examine but do not treat the claimant

13    (examining physicians); and (3) those who neither examine nor treat the claimant

14    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

15    *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).

16    Generally, a treating physician's opinion carries more weight than an examining

17    physician's, and an examining physician's opinion carries more weight than a

18    reviewing physician's. *Id.*  If a treating or examining physician's opinion is

19    uncontradicted, the ALJ may reject it only by offering "clear and convincing

20    reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Plaintiff argues the ALJ erroneously discounted the opinions of Plaintiff's treating nurse practitioner Lisa Rutherford. ECF No. 12 at 8-11. In September 2007, Ms. Rutherford diagnosed Plaintiff with bilateral tendonitis of the wrists and overuse syndrome; and opined that Plaintiff should remain off work for one week and then half days for two weeks with restrictions including the use of splints, no heavy repetitive lifting, and no overhead lifting. Tr. 287-88. Then, in November 2007, Ms. Rutherford assessed right wrist borderline carpal tunnel syndrome and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

1  bilateral wrist tendonitis; and opined that Plaintiff should remain on "modified

2  duty" from November 2007 to December 2007, with restrictions including: no

3  lifting greater than ten pounds, no ladder climbing, no overhead work, and seldom

4  keyboard, wrist motion or grasping bilaterally. Tr. 273-74. The ALJ gave these

5  opinions "no weight as they were intended for only a short, fixed duration." Tr. 30.

6  To be found disabled, a claimant must be unable to engage in any substantial

7  gainful activity due to an impairment which "can be expected to result in death or

8  which has lasted or can be expected to last for a continuous period of not less than

9  12 months." 42 U.S.C. § 423(d)(1)(A); *see also Chaudhry*, 688 F.3d at 672. Here,

10  because Ms. Rutherford opined limitations lasting for two months, the duration

11  requirement for a finding of disability is not met.

12      Plaintiff argues this reasoning regarding Ms. Rutherford's opinion "fails to

13  account for the worsening nature of [Plaintiff's] carpal tunnel syndrome." ECF No.

14  12 at 10. In support of this argument, Plaintiff relies on two medical records: (1) a

15  March 2010 nerve conduction study finding bilateral carpal tunnel syndrome, as

16  opposed to the "borderline" carpal tunnel syndrome on the right side as found in

17  the November 2007 objective testing results (Tr. 342, 393); and (2) Dr. Rosa

18  Martinez's brief treatment notes in 2010 that list a diagnosis of bilateral carpal

19  tunnel syndrome. Tr. 389-90. However, as noted by Defendant, while Dr. Martinez

20  notes a diagnosis of bilateral carpal tunnel syndrome, she does not assess any

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1    specific functional limitations. *See Kay v. Heckler*, 754 F.2d 1545, 1549 (9th Cir.

2    1985) (the "mere diagnosis of an impairment … is not sufficient to sustain a

3    finding of disability."). Moreover, despite Plaintiff contention that the ALJ did not

4    "consider" Plaintiff's "most recent medical records," the ALJ's decision references

5    opinions from multiple examining providers throughout the adjudicatory period,

6    including: in July 2008 Plaintiff was noted to have "full range of motion of the

7    neck, upper shoulders, elbows and wrists without much difficulty," and released to

8    full duty work without restrictions (Tr. 330-31); in June 2008 orthopedist Dr.

9    Seltzer and neurologist Dr. Kamath gave no restrictions on work (Tr. 318); and in

10   July 2010 orthopedic surgeon Dr. Kargas and neurologist Dr. Haynes similarly

11   found no restrictions on work (Tr. 377-78). Tr. 30. Plaintiff contends that the ALJ

12   erred by "relying upon" the independent medical exams ("IMEs") that found

13   Plaintiff had no restrictions on work in June 2008 and July 2010, because their

14   assessments were limited to Plaintiff's work-related injuries, which did not include

15   carpal tunnel syndrome. ECF No. 12 at 11-12. However, the context of the ALJ's

16   references to the IMEs in the opinion evidence section of the decision is only to

17   note the consistent findings throughout the record of no restrictions on Plaintiff's

18   ability to work. *See* Tr. 30. The ALJ does not grant any weight to these opinions,

19   and it is does not appear that they were "relied upon" in assessing the RFC. Rather,

20   the ALJ grated significant weight to the assessment of Dr. Palmatier and ARNP

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

1   Hahn that Plaintiff should be limited to lifting, pushing and pulling 15 pounds and

2   limiting repetitive use of the upper extremities.[2] The court also notes that, aside

3   from the conclusion regarding Plaintiff's ability to work, the ALJ properly

4   considered the results of the neurologic and orthopedic exams which, in 2010, "did

5

---

6   [2] Plaintiff similarly argues that the ALJ erred in granting "significant weight" to

7   the May 2008 opinion of Dr. Palmatier and Ms. Hahn, because the opinion was not

8   considered in light of Plaintiff's "most recent medical records." ECF No. 12 at 11.

9   Plaintiff also contends that the ALJ erred because she awarded "no weight" to Ms.

10   Rutherford because it was intended for "only a short fixed duration" (Tr. 30), but

11   granted significant weight to this opinion that was also intended for a limited

12   period of time. ECF No. 12 at 11 (citing Tr. 334). Plaintiff cites no case law to

13   support this argument, nor does she indicate how any error in considering this

14   opinion was harmful. *See Molina*, 674 F.3d at 1111 (plaintiff bears burden of

15   establishing harmful error). Moreover, for all of the reasons discussed in detail

16   above, the court finds the ALJ properly considered the medical opinion evidence in

17   the record as a whole. *See Andrews*, 53 F.3d at 1039-40 ("The ALJ is responsible

18   for determining credibility, resolving conflicts in the medical testimony, and for

19   resolving ambiguities. We must uphold the ALJ's decision where the evidence is

20   susceptible to more than one rational interpretations.").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1  not disclose 'any convincing objective abnormalities'" and found "nothing that

2  specifically points to carpal tunnel syndrome … nor to any nerve entrapment in the

3  upper extremities." Tr. 29 (citing Tr. 377). For all of these reasons, the court finds

4  the ALJ reasonably and comprehensively considered the medical evidence and

5  provided a germane reason to reject Ms. Rutherford's opinions.

6        Finally, "in the alternative," Plaintiff briefly argues that the ALJ failed to

7  fully and fairly develop the record, ostensibly for the same reasons she argues the

8  ALJ improperly considered the medical opinion evidence, namely: (1) the IME

9  opinion evidence relied on by the ALJ did not opine work-related limitations

10 related to her alleged carpal tunnel syndrome, and (2) the record did not include

11 medical opinions assessed after the 2010 nerve conduction study that found

12 bilateral carpal tunnel syndrome. ECF No. 12 at 13-14. Plaintiff is correct that the

13 ALJ has a special duty to develop the record fully and fairly to ensure that the

14 claimant's interests are considered, even when the claimant is represented by

15 counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However,

16 "[a]n ALJ's duty to develop the record is triggered only when there is ambiguous

17 evidence or when the record is inadequate to allow for proper evaluation of the

18 evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Moreover,

19 while the ALJ may have a duty to develop the record in certain cases, it is

20 Plaintiff's burden to produce evidence to establish disability. 20 C.F.R. §

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

1    404.1512(a). Here, Plaintiff offers no evidence of functional limitations due to

2    alleged carpal tunnel syndrome from the relevant adjudicatory period of September

3    3, 2007 through March 31, 2011. Furthermore, as discussed in detail above, the

4    ALJ identified sufficient evidence in the record as a whole for a properly supported

5    disability determination and as such there is no ambiguity to be resolved. *See*

6    *Bayliss*, 427 F.3d at 1217. Thus, the ALJ was not required to further develop the

7    record.

8    **C. Step Four and Step Five**

9    If a claimant is able to perform his or her past relevant work, the claimant is

10   not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The burden of

11   proof lies with the claimant at step four, but the ALJ still has a duty to make the

12   requisite factual findings to support his or her conclusions. *Pinto v. Massanari*, 249

13   F.3d 840, 844 (9th Cir. 2001). The Defendant concedes that the ALJ erred at step

14   four by determining that Plaintiff could perform her past relevant work as an

15   agricultural produce sorter. ECF No. 15 at 17-18. However, this error is harmless

16   because the ALJ found in the alternative, at step five, that there were other jobs

17   that existed in significant numbers in the national economy that Plaintiff could

18   have performed. Tr. 31; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir.

19   2008). Plaintiff argues that the ALJ erred at step five by failing "to properly

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

evaluate the medical evidence and [Plaintiff's] own symptom testimony." [3] ECF No. 12 at 20. However, as discussed in detail above, the ALJ's evaluation of the medical opinion evidence, and the ALJ's adverse credibility finding, were legally sufficient and supported by substantial evidence. Thus, the ALJ did not err at step five.

## CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

---

[3] Plaintiff also briefly argues that the Medical-Vocational Guidelines compel a finding of disability in this case because Plaintiff is a "younger individual" (age 45 to 49), is limited to sedentary work, is unable to communicate effectively in English, and has only unskilled past work experience. ECF No. 12 at 21 (citing 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.17). As part of this argument Plaintiff argues the ALJ erred by finding Plaintiff "is able to communicate in English." ECF No. 12 at 21 n.5 (citing Tr. 31). However, the court declines to address the issue of whether Plaintiff was able to communicate in English because, as noted by Defendant, the ALJ did not find that Plaintiff was limited to sedentary work, and therefore a finding of disability is not warranted in this case. ECF No. 15 at 19-20 (citing 28-31).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is

   **GRANTED**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

the file.

**DATED** March 28, 2016.

_____s/Fred Van Sickle_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24